## Bakery Drivers' Union Appeal

*Ben Paul Jubelirer,* for petitioner.

*B. Robert Averbach,* for respondent.

*Charles M. Christler* and *George L. Reed,* for Pennsylvania Labor Relations Board.

THOMPSON, J., June 4, 1943.—On petition of the Bakery Drivers' Union, Local 485, this court on February 15, 1943, granted an appeal for review of an order or certification of the Pennsylvania Labor Relations Board. This order of February 15, 1943, was made by the assignment room judge of this court in the course of numerous formal ex parte orders made on that day. The basis of the appeal of the Bakery Drivers' Union, Local 485, was that the order of the Pennsylvania Labor Relations Board directing that an election be held by the employes of the Great American Tea Company to determine the proper bargaining unit for said company was beyond the power of the Pennsylvania Labor Relations Board because the Great American Tea Company "was engaged in a business which had a substantial effect on interstate commerce and that jurisdiction over its labor relations was, therefore, vested not in the Pennsylvania Labor Relations Board, but in the National Labor Relations Board".

We have before us also a rule granted on the petition of the Pennsylvania Labor Relations Board to show cause why the petition for review above mentioned should not be dismissed on the ground that it was premature. The motion filed on behalf of the State Labor Relations Board avers in substance that no judicial review of the action of the board in ordering an election of employes is permissible at this stage of the administrative process under the State Labor Relations Board legislation. It becomes necessary in determining this motion to refer to the State Labor Relations Act of 1937 and the amending Act of 1939. The Pennsylvania Labor Relations Act is based largely on the National Labor Relations Act, and the same is true of the labor relations acts of several other States to which we will make reference.

The Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, deals in section 7 with "Representatives and Elections"; section 8—"Prevention of Un-

fair Labor Practices"; section 9—"Judicial Review". Section 9 provides, in part, for judicial review by the court of common pleas of the county where the unfair labor practice in question occurred, or wherein any person charged with the commission of any unfair labor practice resides or transacts business.

All that the board has done in the case now before us is to order an election. No election has yet been held nor a certificate issued certifying the results thereof.

Section 7(c) of the Labor Relations Act of 1937 reads as follows:

"(c) Whenever a question arises concerning the representation of employes the board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives who have been designated or selected. In any such investigation, the board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section eight, or otherwise, and may take a secret ballot of employes or utilize any other suitable method to ascertain such representatives."

There is a similar provision in the National Labor Relations Act, although the section in the National Labor Relations Act has a different number.

Section 7(d) of the Labor Relations Act of 1937, at P. L. 1173, reads as follows:

"(d) Whenever an order of the board, made pursuant to section eight, subsection (c), is based, in whole or in part, upon facts certified following an investigation pursuant to subsection (c) of this section, and there is a petition for the enforcement or review of such order, such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed under subsections (a) or (b) of section nine, and thereupon the decree of the court enforcing, modifying or setting aside, in whole or in part, the order of the board, shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript."

No question or doubt arises as to the right of judicial review at a later stage of the administrative process and such review exists in some jurisdictions when there has been a finding on the question of an unfair labor practice. Whether or not judicial review may be had at the preliminary stage of an election to determine bargaining agents has already been answered by this court in a case involving the Labor Relations Act of 1937, to wit, McNary's Appeal, 33 D. & C. 429.. In McNary's Appeal, the opinion of this court was written by Richardson, J., and the last page of his comprehensive opinion (p. 434), after referring to cases dealing with the National Labor Relations Act, states:

"We believe that the circuit court of appeals was correct in its interpretation of the National Labor Relations Act and in holding that the certification of a bargaining representative is not a final order. It seems to us also that the refusal to certify a bargaining agent is not a final order which can be appealed from and reviewed in this court . . .

"Under the view we take of this case, the question of constitutionality of the Pennsylvania Labor Relations Act can not be raised until a final order of the board by which some person is aggrieved is issued, at which time a review may be had of all questions concerning the jurisdiction of the board, the regularity of its proceedings, and all questions of constitutional right or statutory authority: National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U. S. 1."

The United States Supreme Court in several cases has held that the action of the National Labor Relations Board in the matter of the selection of a bargaining agent was not reviewable by the Federal courts. In National Labor Relations Board v. Falk Corp., 308 U. S. 453, the court said, at page 459:

"The fundamental error of the court below lay in its assumption that there was before it 'for final disposition, the matter of the selection of the bargaining

agent.' The court has no right to review a proposed election and in effect to supervise the manner in which it shall thereafter be conducted. There can be no court review under 9(d) until the Board issues an order and requires the employer to do something predicated upon the result of an election."

See also American Federation of Labor et al. v. National Labor Relations Board, 308 U. S. 401, and National Labor Relations Board v. International Brotherhood of Electrical Workers et al., 308 U. S. 413. In this latter case, Mr. Justice Stone, beginning his opinion, said:

"This is a companion case to *American Federation of Labor* v. *National Labor Relations Board, ante,* p. 401. The decisive question raised by the petition is whether a direction for an election made by the National Labor Relations Board in a representation proceeding under §9 (c) of the Wagner Act, 49 Stat. 449, 453, 29 U. S. C., Supp. IV. §§151-166, is reviewable by a circuit court of appeals under §10 (f) of the Act."

The brief opinion in this case closed with the following statement (p. 414):

"Decision here is controlled by our decision in that case [referring to American Federation of Labor v. National Labor Relations Board, p. 401]. The direction for an election is but a part of the representation proceeding authorized by §9 (c) and is no more subject to review under §10 (f) than is a certification which is the final step in such a proceeding and which we have just held Congress has excluded from the review afforded by that subdivision."

See also Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U. S. 146, where the court, at page 154, said:

"While the ruling of the Board determining the appropriate unit for bargaining is not subject to direct review under the statute, the ruling is subject to challenge when, as here, a complaint of unfair practices is made predicated upon the ruling."

In the States of New York and Massachusetts, where the labor relations acts, like ours, have followed closely the National Labor Relations Act, the courts of those States have reached conclusions similar to that of the United States Supreme Court on the question of judicial review of an election for bargaining agents being premature. See Great Atlantic & Pacific Tea Co. v. Boland, 25 N. Y. S. (2nd) 517 (N. Y.), and Jordan Marsh Co. v. Labor Relations Commission, 45 N. E. (2nd) 925 (Mass.).

If this appeal were based upon the Act of 1937, the question could well be regarded as being foreclosed by the various decisions above cited. We must consider, however, the amending Act of 1939, which was the governing act at the time this appeal was taken, and it becomes necessary for us to determine whether an amendment made to section 7 of the original Act of 1937 requires a different disposition of the question before us. The 1939 Labor Relations Act is the Act of June 9, 1939, P. L. 293. Section 7 of the Act of 1939, except as amended, corresponds with the like section of the Act of 1937. Section 7 (*d*) of the Act of 1939 reads:

"(*d*) Whenever an order of the board, made pursuant to section eight, subsection (c), is based, in whole or in part, upon facts certified following an investigation pursuant to subsection (c) of this section, and there is a petition for the enforcement or review of such order, such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed under subsections (a) or (b) of section nine, and thereupon the decree of the court enforcing, modifying or setting aside, in whole or in part, the order of the board, shall be made and entered upon the pleadings, testimony, and proceedings set forth in such transcript, *an appeal may be taken from any certification although not a final order, either immediately or within fifteen days of its issuance or after some final order has been entered as provided in*

*section nine of this act, but an appeal from an order
which is not final shall neither stay nor supersede any
proceeding pending before the board unless so ordered
by the court."*

The portion in italics is the amended portion of paragraph (*d*), added by the Act of 1939. It will be noted that the order of the board referred to in paragraph (*d*) is one which is made pursuant to section 8, subsection (*c*), and which is based, in whole or in part, upon facts certified following an investigation pursuant to subsection (*c*) of this section. (By this section is meant section 7.)

If we turn back then to paragraph (*c*) of section 7 we find that it relates to the representation of employes. It seems to us that the certification referred to in the amendment to paragraph (*d*) of section 7 is restricted in its meaning to a certification of the bargaining unit determined by an election. There are numerous certifications made by the Labor Relations Board in connection with the proceedings which may take place before it, and if judicial review were provided in connection with every one of these certifications the enforcement of the Labor Relations Act would be so impeded as to destroy its real purpose and make it entirely ineffective. The words "any certification", if taken apart from the context to which we are referring, might justify such a result, but it seems to us that they must be limited to a certification of a bargaining unit and that, therefore, there is no judicial review of the preliminary action of the board directing an election.

We are, therefore, not at liberty at this time to determine the ultimate question of whether the business of the defendant company was essentially interstate commerce, but must dismiss the appeal as premature.

We have just been advised that the Legislature of 1943, which has recently adjourned, has enacted a further amending act to the original Labor Relations Act of 1937, which was approved by the Governor on May

26, 1943, and will be known as Act 287 [P. L. 651]. This 1943 amending act deletes the amendment to section 7 in the Act of 1939 and restores section 7 to the language of the Act of 1937. We assume that one of the purposes of the Act of 1943 was to remove some confusion that may have prevailed as to the effect of the added words in the Act of 1939.

If we are correct in the conclusions which we have reached, the rule granted on March 4, 1943, to show cause why the prior order of this court, dated February 15, 1943, should not be vacated, should now be made absolute.

### Order of Court

And now, to wit, June 4, 1943, the rule granted by this court on March 4, 1943, to show cause why the order of February 15, 1943, granting a review of the order of the Pennsylvania Labor Relations Board, directing an. election of employes of the Great American Tea Company, should not be vacated, is now made absolute and the record of the Pennsylvania Labor Relations Board in this court on March 12, 1943, is ordered to be returned to said board.